JUDGE BRIEANT

James B. Mercante (JM 4231)
Yoon S. Han (YH 7602)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendant
WILLOW COVE MARINA, INC.

**08 CV 01343**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Civil No.

DARYL K. GISSER,

**NOTICE OF REMOVAL**

Plaintiff,

-against-

WILLOW COVE MARINA, INC., and STONY
POINT BAY MARINA, INC.,

Defendants.

2008 FEB 11 PM 3:29
U.S. DISTRICT COURT
FILED

**PLEASE TAKE NOTICE** on this date, defendant WILLOW COVE MARINA, INC. ("Willow Cove"), by its undersigned counsel, RUBIN, FIORELLA & FRIEDMAN LLP, has filed this Notice of Removal pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446 in the office of the Clerk of the United States District Court for the Southern District of New York. Said defendant by its undersigned attorneys show:

1.   Plaintiff, DARYL K. GISSER, commenced this action against defendants in the Supreme Court of New York, County of Rockland, by filing a Verified Complaint alleging negligence that resulted in sinking of plaintiff's vessel while on navigable waters of the United States. A true copy of plaintiff's Complaint is annexed hereto as **Exhibit "A"**.

2. The Summons and Complaint was served upon the Secretary of State as agent of defendant Willow Cove on January 14, 2008.

3. The jurisdiction over the subject matter of this action is conferred upon this Court by 28 U.S.C. §1333, which provides that the District Courts shall have original jurisdiction of any civil case of admiralty or maritime jurisdiction. Plaintiff's allegations comprise a maritime claim within Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty jurisdiction of this Court.

4. Notice of Removal is filed with this Court within thirty days of Willow Cove's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon such action or proceeding as provided by 28 U.S.C. 1446(b).

5. Willow Cove hereby removes this action from the Supreme Court of New York, County of Rockland, to the United States District Court for the Southern District of New York.

6. After filing of the Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Notice of Removal will be given by the attorneys for Willow Cove to the attorneys for plaintiff, as provided by law, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, Rockland County.

7. Willow Cove has notified the counsel for defendant Stony Point Bay Marina, Inc. of this removal.

8. Willow Cove has good and sufficient defenses to this action.

9. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** defendants WILLOW COVE MARINA, INC., by its attorneys, gives Notice of Removal of this case to the United States District Court for the Southern District of New York.

Dated: New York, New York
February 5, 2008

                                  RUBIN, FIORELLA & FRIEDMAN LLP
                                  Attorneys for Defendant
                                  WILLOW COVE MARINA, INC.

By: _____
      James E. Mercante (JM 4231)
      Yoon S. Han (YH 7602)

TO:    FEERICK LYNCH MacCARTNEY, PLLC
        Attorneys for Plaintiff
        96 South Broadway
        South Nyack, New York 10960

        MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C.
        Attorneys for Defendant
        STONY POINT BAY MARINA, INC.
        1311 Mamaroneck Avenue
        White Plains, NY 10605

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------X

DARYL K. GISSER,

                  Plaintiff,

-against-

WILLOW COVE MARINA, INC. and
STONY POINT BAY MARINA, INC.,

                  Defendants.

-------------------------------------------------------------X

SUMMONS
Index No. 001 411/08
Date Filed: 1/8/08

Plaintiffs designate the County of
Rockland as the place of trial.

The basis of the venue designated
is the Plaintiffs' residence:
52 Edison Court, Apt. E
Monsey, New York 10952

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorney, within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered upon you within the State of New York); and in case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint attached hereto.

Dated: South Nyack, New York
       November 29, 2007

Yours, etc.

/s/ David MacCartney, Jr.
FEERICK LYNCH MacCARTNEY, PLLC
Attorney for Plaintiffs
96 South Broadway
South Nyack, New York 10960
Tel: (845) 353-2000

PDF created with pdfFactory trial version www.pdffactory.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------X
DARYL K. GISSER,

        Plaintiff,

-against-

WILLOW COVE MARINA, INC. and STONY
POINT BAY MARINA, INC.,

        Defendants,
---------------------------------------------------------X

VERIFIED
COMPLAINT

Index No. 00141/08

The Plaintiff, as and for his Complaint against the Defendants, respectfully alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, the Plaintiff, DARYL K. GISSER, was and is a resident of the County of Rockland, State of New York.

2. At all times herein mentioned, the Plaintiff, DARYL K. GISSER, is and was the owner of a 1986 Trojan 10 Meter Mid-Cabin, 33ft., mid-cabin fiberglass hull boat bearing vessel name "Sea Chem II" (the "Trojan").

3. At all times herein mentioned, the Defendant, WILLOW COVE MARINA, INC. ("WILLOW COVE"), was and is a domestic corporation duly organized and existing under the laws of the State of New York with a principal place of business at 36 Hudson Drive, Stony Point, New York 10980.

4. At all times herein mentioned, the Defendant, STONY POINT BAY MARINA, INC. was and is a domestic corporation duly organized and existing under the laws of the State of New York with a principal place of business at 36 Hudson Drive, Stony Point, New York 10980.

PDF created with pdfFactory trial version www.pdffactory.com

5. At all times herein mentioned, the Defendant, STONY POINT BAY MARIN[A] INC. was and is the successor in interest to the Defendant, WILLOW COVE (collectiv[ely] referred to hereinafter as the "Defendants".)

6. At all times herein after mentioned, the Defendants or their predecess[ors,] successors or assigns, owned and operated a marina at 36 Hudson Drive, Stony Point, New Y[ork.]

7. On October 26, 2006, the Plaintiff, DARYL K. GISSER, cruised the Trojan f[rom] Port Washington, New York through navigable waterways including, but not limited to, the L[ong] Island Sound and the Hudson River, to the marina owned and operated by the Defen[dant,] WILLOW COVE at 38 Hudson Drive, Stony Point, New York.

8. On October 26, 2006, upon arrival on the premises of the Defendant, the Plai[ntiff,] DARYL K. GISSER, entered an agreement with the Defendant, WILLOW COVE, for ou[tdoor] dry storage of the Trojan, whereby and whereunder, among other things, the Defen[dant,] WILLOW COVE, took possession, custody, and control over the Trojan for the fee of $9[95] plus tax and agreed, among other things, in exchange for said fee, to remove the Trojan fro[m the] water and store the boat in a dry, outdoor location for the winter season and return sa[me to] Plaintiff in substantially the same condition as it was when delivered by WILLOW COV[E on] October 26, 2006.

9. The Plaintiff did tender and pay the required fee up front on October 26, [2006,] and the Defendant, WILLOW COVE, did take possession, custody, and control of The Troj[an on] October 26, 2006.

10. By reason of the foregoing and otherwise, the Plaintiff, DARYL K. GIS[SER,] agreed to pay adequate compensation to the Defendant, WILLOW COVE, for the safe ke[eping] of the Trojan which was entrusted to the custody of WILLOW COVE, and WILLOW [COVE]

PDF created with pdfFactory trial version www.pdffactory.com

agreed to keep it and restore it upon the request of the Plaintiff in substantially the same condition as WILLOW COVE received it.

11. By reason of the foregoing, a bailor-bailee for hire relationship existed between the Plaintiff and the Defendant, WILLOW COVE.

12. By November 1, 2006, the Defendant, WILLOW COVE, had still not removed the Trojan from the water as agreed.

13. On or about November 1, 2006, a manager, representative, agent, and/or employee of the Defendant, WILLOW COVE, called Plaintiff on the phone and informed him that the Trojan had been caused to break away from the dock and slip in which it was being kept by the Defendant, WILLOW COVE, and stated to Plaintiff that the boat had been thereafter secured by a WILLOW COVE employee and re-tied to another dock, still in the water.

14. Upon information and belief, the Defendant, WILLOW COVE, did not thereafter secure the Trojan's electrical power necessary to run the bilge pumps and did not thereafter make any arrangement to remove the Trojan from the water as agreed, and continued to fail to take reasonable efforts to see that the Trojan was safe, properly cared for, not leaking, and not in danger of sinking.

15. Plaintiff again reiterated and requested the desire to have WILLOW COVE take the boat out of the water and dry-dock it for the season as agreed and paid for.

16. Upon information and belief, a manager, employee, agent, or representative of the Defendant, WILLOW COVE, stated to Plaintiff that it was very busy at the marina and that WILLOW COVE would pull the boat out of the water, winterize it, and drain the waste tank soon.

PDF created with pdfFactory trial version www.pdffactory.com

17. By November 6, 2007, the Defendant, WILLOW COVE, still had not removed the Trojan from the water as agreed.

18. Upon information and belief, from at least November 1, 2006 through November 6, 2006, the Trojan was not connected to electrical power and WILLOW COVE continued to fail to take reasonable efforts to see that the Trojan was safe, properly cared for, not leaking, and not in danger of sinking.

19. Upon information and belief, from at least November 1, 2006 up through and including November 6, 2006, the Defendant, WILLOW COVE, failed to take the Trojan out of the water, failed to assure that the Trojan was hooked to electrical power, and failed to take reasonable care in the possession, custody, and control of the Trojan.

20. Upon information and belief, from at least between November 1, 2006 and November 6, 2006 but unbeknownst to the plaintiff at the time, the Trojan was taking on water and sinking, and/or sank, and the Defendant, WILLOW COVE, either knew or should have known of this fact but failed to exercise reasonable care in the possession, custody, care, and control of the Trojan and failed to notify the plaintiff of any problems with the boat.

21. On or about November 6, 2006, a manager, employee, agent, or representative of the defendant, WILLOW COVE, called Plaintiff on the phone and advised the Trojan had taken on enormous amounts of water and sunk at the marina.

22. Solely as a result of the negligence of the Defendant, WILLOW COVE, the Trojan was caused to take on water over an extended period of time, was caused to sink, and was caused to sustain serious and significant irreversible and permanent damage.

PDF created with pdfFactory trial version www.pdffactory.com

23. The Defendant, WILLOW COVE, failed to exercise reasonable care, failed to take appropriate and reasonable actions before and after the Trojan sank to prevent and/or mitigate damages to the Trojan, as requested by Plaintiff and as required by law.

24. WILLOW COVE and STONY POINT BAY MARINA, INC. have failed and refused to return the Trojan to the Plaintiff in substantially the same condition as it was when it was delivered to WILLOW COVE on October 26, 2006.

25. As a result of the foregoing, the negligence of the Defendant, WILLOW COVE, is presumed under the law as a result of the bailor-bailee relationship for hire that existed between the plaintiff and the defendant, WILLOW COVE.

26. As a result of the negligence of the Defendant, WILLOW COVE, the Plaintiff has sustained damage to his property, to wit the Trojan and various fixtures and other boating equipment affixed or appurtenant thereto as well as various damage to items of personal property on the Trojan when it took on water and sank.

27. Plaintiff will also rely on the doctrine of *res ipsa loquitor*.

28. The Defendant, WILLOW COVE, has admitted that the damages to Plaintiff's boat total at least $52,320.60, having rendered an estimate on February 8, 2007 to that effect.

29. Upon information and belief, the Plaintiff sustained damage in excess of $52,320.60 plus damages to personal property and interest, costs, attorneys' fees, and other incidental damages and expenses, including but not limited to continued exposure to continued storage fees improperly sought by Defendant(s) and occasioned by reason of the Defendants having rendered Plaintiff's boat a total loss through their own negligent acts and omissions.

PDF created with pdfFactory trial version www.pdffactory.com

30. By reason of its status as the successor in interest to WILLOW COVE, STONY POINT BAY MARINA, INC. is liable for the negligent acts and omissions and liabilities incurred by WILLOW COVE.

31. Solely by reason of the foregoing, the Plaintiff has been damaged in an amount to be determined by a trier of fact in excess of the jurisdiction of all lower courts.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined by a trier of fact, together with costs, disbursements, and attorneys' fees and such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated: South Nyack, New York
November 29, 2007

Yours, etc.

FEERICK LYNCH MacCARTNEY, PLLC

By: _____
J. David MacCartney, Jr.
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York
(845) 353-2000

TO: WILLOW COVE MARINA, INC.
36 Hudson Drive
Stony Point, New York 10980

STONY POINT BAY MARINA, INC.
36 Hudson Drive
Stony Point, New York 10980

PDF created with pdfFactory trial version www.pdffactory.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------X
DARYL K. GISSER,

                Plaintiff,

    -against-

WILLOW COVE MARINA, INC., and STONY
POINT BAY MARINA, INC.,

                Defendants.
-------------------------------------------------------X

VERIFICATION

Index No.

STATE OF NEW YORK  )
                           ) ss:
COUNTY OF ROCKLAND  )

      DARYL K. GISSER, whose religion prevents the taking of an oath, duly affirms the following under the penalties of perjury: I am one of the Plaintiffs in the above-captioned action having a residential address of 52 Edison Court, Apt. E, Monsey, New York. I have read the annexed Complaint and the same is true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the files maintained by FEERICK LYNCH MacCARTNEY, PLLC.

                                                        DARYL K. GISSER

Duly affirmed on this 28th day of November, 2007

_____
Notary Public

J. DAVID MACCARTNEY, JR.
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02MC5036155
QUALIFIED IN ROCKLAND COUNTY
MY COMMISSION EXPIRES 10/05/20__

PDF created with pdfFactory trial version www.pdffactory.com